EDMUND TARLUCKI, BY NEXT FRIEND, APPELLANT, v. WEST JERSEY AND SEASHORE RAILROAD COMPANY, RESPONDENT.

Argued March 6, 1914—Decided June 15, 1914.

1. Whether, where the facts are in dispute, as to its character, a by-way is a publicly traveled by-road is a question for the jury.
2. Whether in using such a road or way, where it was crossed by the defendant's third-rail system, the plaintiff was guilty of contributory negligence was a jury question.

On appeal from the Supreme Court.

For the plaintiff, *Wescott & Wescott.*

For the defendant, *Bourgeois & Coulomb.*

The opinion of the court was delivered by

MINTURN, J.  The plaintiff was injured on the railroad of the defendant between the upper and lower stations at May's Landing, by coming in contact with an electrified third rail, over which he had tripped in passing from one side of the railroad to the other.

The accident happened on or about the 23d day of May, 1908, at which time the plaintiff was about eight years old.

The plaintiff's theory of the liability of the defendant for the injury rests upon the proposition that at the place where the plaintiff tripped and fell over the electrified third

rail there was an "ancient by-road," and that it was the duty of the railroad company, therefore, to so protect its third rail at the crossing that persons using such crossing could do so in safety, and that the defendant had neglected this duty by leaving the electrified third rail exposed.

The theory of the defence was that there was no by-road or by-way or public crossing of any character crossing the railroad at or near the point where the accident took place; that the plaintiff was a trespasser, and the defendant owed him no greater duty than to refrain from willful injury; that the accident did not happen on the alleged crossing, and that the plaintiff was guilty of contributory negligence. The trial judge directed a verdict in favor of the defendant, from which judgment the plaintiff appeals.

The only question presented upon this record is whether, under the testimony, a jury case was presented, or whether the court's direction of a verdict for the defendant was proper. The case was before the Supreme Court on demurrer to the plaintiff's declaration, where the case presented was that of a manifest trespass by the plaintiff, and the demurrer was sustained. 80 *N. J. L.* 688. Subsequently the amended declaration upon which the present action was tried was sustained by the same court. 82 *Id.* 138.

The doctrine enunciated in the latter case presented the principle and theory upon which the case was tried. It was there declared that the averment in the declaration that the word "by-way" in the declaration must be taken to be the equivalent of a "by-road," and that a by-road "being a public way of which the public are entitled to make use as of right, a railroad company, where its tracks cross it, is under a duty not to subject the traveling public to latent dangers at such crossing."

The only question for our consideration, therefore, is whether there was any evidence adduced at the trial from which the jury could legitimately infer that the road in question was what the declaration alleged it to be; and whether the learned trial court was correct under the circumstances in directing a verdict. We think there was

evidence *pro* and *con* upon the character and legal status of the road, whether under adverse enjoyment or under an easement, based upon a license from the owner of the fee, from which the jury might infer that the road had been in existence for over sixty or seventy years, and that it had been used as such by the public for various purposes upon either legal theory.

Its boundaries were more or less accurately defined and its history and use through that period of time were presented by witnesses of the vicinity, the value of whose testimony presented a fact question, which called for the consideration of a jury. *Van Blarcom* v. *Frike,* 29 *N. J. L.* 516; *Wood* v. *Hurd,* 34 *Id.* 87; *Riverside* v. *Penna. R. R.,* 74 *Id.* 476.

The learned trial court assigned no reason for the direction of the verdict; and we are free to assume, therefore, that it was based upon the theory either that the road in question was private property, upon which the plaintiff was trespassing, or that if it were deemed to be a public way, the plaintiff nevertheless, by his conduct, was guilty of contributory negligence in attempting to cross the defendant's right of way over it in the manner in which he attempted it. If the latter alternative presented the rationale for the direction, that also became a jury question under the debatable facts in the case, particularly in view of the immature age of the plaintiff. *Napodensky* v. *West Jersey and Seashore Railroad Co.,* 85 *N. J. L.* 336; *Munroe* v. *Pennsylvania R. R., Id.* 688.

Viewed from either aspect the question was one of fact for the jury to determine.

The judgment will be reversed, and a *venire de novo* may issue.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, BERGEN, MINTURN, KALISCH, BOGERT, VREDENBURGH, WHITE, HEPPENHEIMER, JJ. 11.